IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Senior Judge Bruggink)
Nos. 06-30 T and 06-35 T (consolidated)
_____

RUSSIAN RECOVERY FUND LIMITED,
RUSSIAN RECOVERY ADVISORS, L.L.C.,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

_____

MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS
RESPONSIVE TO DEFENDANT'S REQUESTS FOR
PRODUCTION Nos. 26, 27A through 27D, and 28

_____

Pursuant to RCFC 37(a)(1), the defendant hereby moves the Court for an order

compelling the plaintiff to produce or identify previously produced documents that are

responsive to each of the defendant's requests for production Nos. 26, 27A through 27D, and 28.

These requests are part of the defendant's Set No. 3 of RCFC 34 requests for production of

documents issued on July 24, 2012.  (Ex. A.)

A.     The defendant conferred with plaintiff to resolve this dispute prior to filing this
       motion to compel, in accordance with RCFC 37(a)(1)

The plaintiff provided written responses to the defendant's Set No. 3 of requests for

production on August 27, 2012, but failed in those responses to produce any responsive

documents or identify any such documents.  (Ex. B.)  Furthermore, the plaintiff asserted, *inter*

*alia*, that each document request was "unnecessary and overly burdensome." *Ibid.* The

defendant advised the plaintiff, by letter dated September 18, 2012, that plaintiff's refusal was

inappropriate and contravened the requirements of RCFC 34(b)(2), which governs "responses

and objections" to document requests. (Ex. C.) The defendant explained that it is for the

defendant, not the plaintiff, to determine which documents are necessary for the defendant to

develop its case. Plaintiff's posture is particularly without merit with respect to these Rule 34

document requests as the requests are keyed to the plaintiff's complaint and the Notice of Final

Partnership Administrative Adjustment (FPAA) that is at issue in this action. *Ibid.* Furthermore,

the defendant emphasized that these document requests had not been asked or answered

previously in discovery. *Ibid.* Nonetheless, plaintiff continues to refuse to produce or identify

documents responsive to the defendant's document requests Nos. 26, 27A through 27D, and 28.

(Ex. D.)

   B. <u>The production requests at issue are specific and reference paragraphs in the
complaint or penalty determinations set forth in the FPAA at issue here</u>

  The plaintiff is mistaken in contending that this discovery dispute is solely over

categorizing plaintiff's documents. It is not. The party receiving a production request is

obligated to respond to each "item" requested. RCFC 34 (b)(2)(B). Plaintiff has not produced or

identified any documents in response to the specific items requested in requests Nos. 26, 27A

through 27D, and 28. (Ex. B, at 4-7.) Plaintiff has not pointed to any specific documents

previously produced or identified that are responsive to these requests. *Ibid.* Plaintiff only makes

the naked assertion that responsive documents "have already been produced" without identifying

which previous production request or to which specific documents it is referring. (Ex. B, at 1-2.)

As such, plaintiff has failed to satisfy its obligation under RCFC 34. *See e.g.* RCFC

34(b)(2)(E)(i) ("A party must produce documents as they are kept in the usual course of business or *must organize and label them to correspond to the categories in the request*. . . .") (emphasis added).

Plaintiff's posture is a variation of the "paper dump" approach through which a party attempts to bury the opposition with a mountain of unorganized documents that may or may not be responsive to a particular production request.  RCFC 34 clearly is designed to block this approach.  *See*  Fed. R. Civ. P. 34 advisory comm. note to 1980 amend. (explaining that this provision of Rule 34 was intended to facilitate the discovery of relevant information, and to prevent parties from "deliberately ... mix[ing] critical documents with others in the hope of obscuring significance.").  Moreover, in this instance these production requests are specific and targeted.   The defendant cannot get more specific that asking this plaintiff to produce documents "supporting or relating to the allegations" in designated paragraphs of the complaint, as with request No. 26, which refers to paragraphs 12 through 21 in the complaint.

Furthermore, in a tax shelter case such as this, which seeks judicial review of the Notice of Final Partnership Administrative Adjustment (FPAA) issued to the plaintiff and which is attached to the complaint as an exhibit, document discovery with respect to the applicability of penalties is particularly important. Here, requests Nos. 27-A through 27-D seek documents which plaintiff relied upon when making allegations in complaint paragraphs 22 through 25 with respect to the penalties recommended in the FPAA.  (Ex. A.)  Request No. 28 also seeks documents that relate to "any defense to penalties" that plaintiff may assert here.  For example, defendant is entitled to know what documents plaintiff believes relate to its pleaded reasonable cause/good faith defense to penalties.

If there was any merit to plaintiff's refusal to produce documents in response to these documents requests on the ground that the documents had previously been produced, it would be simple for the plaintiff to identify the same responsive documents and which request/s to which each one is responsive. It would seem that little effort would be required on plaintiff's part. Moreover, if plaintiff had previously categorized any documents in a manner connecting such documents to specific paragraphs in the complaint, it would be a simple matter for plaintiff to point the defendant in the direction of such previous categorization.  But plaintiff has not done so.  That is not surprising to the defendant as there is no indication that such production or categorization has taken place.

C.     Plaintiff is required by RCFC 34 to produce or identify responsive documents

In defendant's view, the plaintiff is required by RCFC 34 to produce or identify documents in response to defendant's requests Nos. 26, 27A through 27D, and 28.  The plaintiff's current posture appears to be "the responsive documents are already in your possession, go find them yourself."  Discovery under this Court's rules is not supposed to be such a "cat and mouse" game. *See* Fed. R. Civ. P. 34 advisory comm. note to 1980 amend.  At the very least, plaintiff is obligated to identify which documents, allegedly already produced or identified by the plaintiff, are responsive to these specific document requests.  As the court stated in *United States Commodities Futures Trading Comm. v American Derivatives Corp.*,  2007 WL 1020838, * 5, N.D. Ga. 2007 (March 30, 2007):

> [the responding parties]do not satisfy their Rule 34 obligations by
> merely opening their files, and leaving [the requesting party] . . . to
> sift through documents in an effort to locate those that are
> responsive to its requests. Rather, [responding parties] . . . are
> obligated to provide some reasonable assistance to [requesting

> party] . . . in the location of responsive documents. Thus, [they] . . .
> must either direct . . . to the specific location or locations within its
> files where documents responsive to each of their requests may be
> found, or provide a key or index to assist . . . in locating the
> responsive documents.

Plaintiff's apparent view of its RCFC 34 obligations is rather narrow and short-sighted.

Failing to produce or identify any documents relied upon in forming its complaint allegations,

particularly with respect to penalty defenses, if any, will only complicate the conduct of fact

discovery in this case.

WHEREFORE, the defendant prays that the Court order the plaintiff to produce or identify documents responsive to defendant's requests for production Nos. 26, 27A through 27D, and 28.

Respectfully submitted,

S/Robert J. Higgins
ROBERT J. HIGGINS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Phone (202) 307-6580
Fax (202) 514-9440
robert.j.higgins@usdoj.gov


KATHRYN KENEALLY
   Assistant Attorney General
DAVID I. PINCUS
   Chief, Court of Federal Claims Section

October 3, 2012                       s/David I. Pincus
                                      Of Counsel

- 6 -

**U.S. Department of Justice**

**Tax Division**

| | |
|---|---|
| Facsimile No. (202) 514-9440 | *Please reply to: Court of Federal Claims Section* |
| *Trial Attorney: Robert J. Higgins* | *P.O. Box 26* |
| *Attorney's Direct Line: (202) 307-6580* | *Ben Franklin Station* |
| *Email: Robert.J.Higgins@usdoj.gov* | *Washington, D.C. 20044* |

KK:DIP:RJH
154-2412
CMN 2006101779

Loretta R. Richard, Esquire                                        July 24, 2012
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199

      VIA REGULAR MAIL

      RE:    Russian Recovery Fund, Ltd. v. United States
             Fed. Cl. No. 06-30 T (Bruggink, J.)

Dear Ms. Richard:

      Please find enclosed Defendant's Request for Production of Documents-Set No. 3. The response date is August 27, 2012.

      If you have any questions on this matter, please contact me at your earliest convenience.

                          Sincerely yours,

                          Robert J. Higgins
                          Trial Attorney

Encl: as stated

**Defendant Exhibit**

A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-30 T
(Judge Eric G. Bruggink)
(Consolidated with No. 06-35 T)

RUSSIAN RECOVERY FUND LIMITED,
RUSSIAN RECOVERY ADVISORS, L.L.C.,
Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

## DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS–SET NO. 3

---

Pursuant to Rules 26 and 34 of the Rules of the United States Court of Federal Claims,

defendant, by and through its undersigned counsel, hereby requests that plaintiff produce the

documents requested below. In lieu of producing the originals of such responsive documents,

copies of such documents may be delivered to Robert J. Higgins, at his office address, 555 4th

Street, N.W., Room 8816, Washington, D.C. 20001. The responses are to be served by

August 27, 2012.

### INSTRUCTIONS

1. Plaintiff is respectfully reminded that a party must include in its response to a

production request any document which is within the party's custody or control or reasonably

available to the party, the party's attorney or any other source from whom it may reasonably be

secured. Thus, plaintiff must include in its responses to these requests any responsive document

- 1 -

within the custody or control of direct or indirect partners of Russian Recovery Fund Limited ("RRF"), including without limitation Nancy Zimmerman; Bracebridge Capital, L.L.C.; FFIP, LP; FFI Fund Ltd.; FFIA, L.P., and FIFI II, L.P.

2.  If any document requested below has already been provided by plaintiff to the IRS in response to the IRS summons, dated October 14, 2005, to Russian Recovery Advisors and Ms. Zimmerman, it shall be sufficient, in lieu of producing a second copy of such document, to identify the particular document by title and Bates Stamp label (e.g., A1-000001 - A000010, B1-000001 - B1-000010, C1-000001 - C1-000010).

3.  If plaintiff declines to produce any document in response to any of the requests set forth below, please provide a privilege log or other information sufficient to properly assert privilege at the same time as other responsive documents are provided or in time to avoid waiver of the asserted privilege.

4.  If any document responsive to one or more of these requests for production is unavailable for production because it has been lost, misplaced, destroyed, or is no longer in plaintiff's possession, custody, or control, please provide the following information:

(1)     type of document;

(2)     subject matter;

(3)     length;

(4)     date of preparation or, if executed, date of execution;

(5)     identity of the author, addressee, and custodian of the original;

(6)     reason that the document is unavailable; and

(7)     date upon which the document became unavailable.

<u>DEFINITIONS</u>

The following definitions shall apply to these requests for production:

A. The term "document" is to be liberally construed to include, without limitation, any correspondence, electronic mail (e-mail), contracts, brochures, agreements, deeds, leases, letters, memoranda, checks, bank statements, reports, records, corporate minutes, financial statements, and all other types of written and documentary materials, as well as any disc, microfilm, microfiche, or other electronic, photographic, chemical, or mechanical means for storage of data. Any duplicate of a document that has notes or marks of any kind on it shall be considered a separate document.

B. The terms "possession", "custody", or "control" include actual and constructive possession, custody, or control. These requests for production of documents thus include any document or thing that plaintiff possesses or has the right to obtain from a third party upon demand, or which may be secured from any other source for the purpose of fully responding to these requests, including attorneys, accountants or other agents.

C. "Relating to" shall mean constituting, consisting of, referring to, regarding, reflecting, concerning, discussing, evidencing, commenting on, supporting, or having any logical or factual connection with the matter identified, in whole or in part.

## REQUESTS FOR PRODUCTION

25. All documents in the possession, custody or control of plaintiff relating to the transaction(s) underlying the $46,424,782 in claimed section 988 losses disallowed in the October 14, 2005, Notice of Final Partnership Administrative Adjustment for RRF (the "2000 FPAA").

26. All documents in the possession, custody or control of plaintiff supporting or relating to the allegations in paragraphs 12-21 of the complaint filed in Fed. Cl. No. 06-30 T (regarding the alleged errors in the first through tenth determinations made in the 2000 FPAA).

27. All documents in the possession, custody or control of plaintiff relating to penalty determinations made in the 2000 FPAA, including documents plaintiff intends to use to support its allegations that:

> a. The first penalty determination was in error because the adjustment of partnership items of RRF were not attributable to a tax shelter within the meaning of I.R.C. § 6662(d)(2)(C)(ii); RRF and its members did not have as a significant purpose the avoidance or evasion of federal income tax; and they had substantial authority for the positions taken and a reasonable belief that those positions were more likely than not the correct treatment of such items (as alleged in paragraph 22 of the complaint);

> b. The second penalty determination was in error because any underpayment of tax did not result from a substantial understatement, gross valuation misstatement or negligence or disregarded rules or regulations (as alleged in paragraph 23 of the complaint);

- 4 -

c. The third penalty determination was in error because RRF and its partners had reasonable cause and a good faith basis for any resulting underpayment (as alleged in paragraph 24 of the complaint);

d. The fourth penalty determination was in error because no accuracy-related penalty under Section 6662 is applicable as there were no underpayments of tax (as alleged in paragraph 25 of the complaint).

28. All documents in the possession, custody or control of plaintiff that relate to any defense to penalties that plaintiff asserts in this case, including all such documents that plaintiff intends to use to support any defense to penalties.

Respectfully submitted,

ROBERT J. HIGGINS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Washington, D.C. 20044
(202) 307-6580

KATHRYN KENEALLY
 Assistant Attorney General
DAVID I. PINCUS
 Chief, Court of Federal Claims Section

Of Counsel

July 24, 2012

- 6 -

## CERTIFICATE OF SERVICE

I certify that service of the foregoing document has, this 24th day of July 2012, been made on the plaintiff's attorney by mailing the original in a postage prepaid envelope to the following address:

Loretta R. Richard, Esquire
Ropes & Gray LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199

Justice Department (Tax)
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, DC 20044
(202) 307-6440



ROPES & GRAY LLP
PRUDENTIAL TOWER
800 BOYLSTON STREET
BOSTON, MA 02199-3600
WWW.ROPESGRAY.COM



August 27, 2012

Loretta R. Richard
T +1 617 951 7271
F +1 617 235 0409
loretta.richard@ropesgray.com

**BY OVERNIGHT MAIL**

Robert J. Higgins
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044

Re:   Russian Recovery Fund Limited, Russian Recovery Advisors, L.L.C., Tax Matters Partner
      v. United States (Nos. 06-30T and 06-35T, consolidated)

Dear Bob:

Please find enclosed Plaintiff's Response to Defendant's Request for Production of Documents –
Set No. 3 ("Plaintiff's Response").

Please do not hesitate to contact me if you have any questions.

Sincerely,

Loretta R. Richard

LRR:bgc
Enclosures

**Defendant
Exhibit**

B

 ROPES & GRAY LLP
PRUDENTIAL TOWER
800 BOYLSTON STREET
BOSTON, MA 02199-3600
WWW.ROPESGRAY.COM



August 27, 2012

Loretta R. Richard
T +1 617 951 7271
F +1 617 235 0409
loretta.richard@ropesgray.com

## BY OVERNIGHT MAIL

Robert J. Higgins
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044

Re:   Russian Recovery Fund Limited, Russian Recovery Advisors, L.L.C., Tax Matters Partner
v. United States (Nos. 06-30T and 06-35T, consolidated)

Dear Bob:

Please find enclosed Plaintiff's Response to Defendant's Request for Production of Documents –
Set No. 3 ("Plaintiff's Response").

Please do not hesitate to contact me if you have any questions.

Sincerely,

Loretta R. Richard

LRR:bgc
Enclosures

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Senior Judge Eric G. Bruggink)
Nos. 06-30 T and 06-35 T (consolidated)

RUSSIAN RECOVERY FUND LIMITED, RUSSIAN RECOVERY ADVISORS, L.L.C.,
Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS – SET NO. 3

Pursuant to Rules 26 and 34 of the Rules of the Court of Federal Claims ("RCFC"),

Plaintiff Russian Recovery Advisors, L.L.C., Tax Matters Partner for Russian Recovery Fund

Limited ("Plaintiff"), provides this response to the Request for Production of Documents – Set

No. 3 ("Requests") served on Plaintiff by the Defendant, the United States of America

("Defendant").

### PRELIMINARY STATEMENT

Plaintiff and Defendant have previously stipulated that, where documents have been

produced by Plaintiff to the Internal Revenue Service ("IRS") in response to the IRS summons,

dated October 14, 2005, relating to the 2000 taxable year of Russian Recovery Fund Limited

("RRF"), Plaintiff need not produce additional copies of these documents.  As a result of this

agreement, Plaintiff has not previously objected that Defendant's requests are unduly

burdensome to the extent they call for the production of documents that have already been

produced. Plaintiff does not waive this objection, however, and expressly reserves the right to assert this objection in the future in response to these or any other discovery requests.

Counsel for the Defendant has informed Plaintiff that it does not have documents that were previously produced to the IRS by Plaintiff in response to (1) the IRS Information Document Requests ("IDRs"), Nos. PW-01, dated July 10, 2006; PW-03, dated August 1, 2006; PW-05 – PW-10, dated February 21, 2007; and PW-12 – PW-14, dated May 14, 2007, relating to RRF's 2004 taxable year; or (2) the IRS summons, dated July 3, 2008, to James DiBiase, Jonathan Grenzke, Gabriel Sunshine, and Nancy Zimmerman, relating to RRF's 2004 taxable year ("2008 Summonses"). Plaintiff will produce such documents only pursuant to entry of an appropriate protective order that will ensure that such documents and information will be handled confidentially by all parties to this litigation in accordance therewith. In so doing, Plaintiff does not waive the right to object to providing multiple copies of documents that have previously been produced in response to this or any other requests.

Plaintiff's response herein and any documents produced pursuant to this response reflect the current status of Plaintiff's knowledge regarding responsive documents and tangible things within Plaintiff's possession, custody and control. Plaintiff reserves its right to modify, amend, and/or supplement this response and any production made pursuant to this response in accordance with RCFC 26(e)(1).

## OBJECTIONS TO INSTRUCTIONS

(1)     Plaintiff objects to Defendant's Instructions, including without limitation Instruction No. 3, to the extent they seek to impose obligations or duties on Plaintiff not imposed by RCFC 26 and 34, or any other applicable RCFC.

(2)     Plaintiff objects to Defendant's Instruction 2 as unduly burdensome in that it attempts to dictate a specific manner in which Plaintiff must identify documents that are responsive to particular requests.  As noted below, all responsive documents have been previously produced and Plaintiff's responses to prior document requests have included multiple categorizations of previously-produced documents.  Plaintiff objects to any request that it provide yet another categorization of previously produced documents, as such an exercise is not required by the Rules of this Court, and would be unduly burdensome.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS – SET NO. 3

### REQUEST NO. 25:

All documents in the possession, custody or control of plaintiff relating to the transaction(s) underlying the $46,424,782 in claimed section 988 losses disallowed in the October 14, 2005, Notice of Final Partnership Administrative Adjustment for RRF (the "2000 FPAA").

### RESPONSE TO REQUEST NO. 25:

Plaintiff objects to Defendant's Request to the extent it seeks discovery of information subject to the attorney-client privilege, the confidentiality privilege relating to taxpayer communications under 26 U.S.C. § 7525, the attorney work product doctrine, and/or any other privileges or exemptions from production.  Plaintiff will be providing an updated privilege log in response to Defendant's inquiries regarding its privilege log provided on March 20, 2012.

Plaintiff has already provided copies of all responsive, non-privileged documents it has located within its possession, custody or control to Defendant or the IRS, and has organized these documents in categories multiple times in response to previous requests.  Plaintiff objects to any additional request to further categorize these documents as unnecessary and overly burdensome.

3

REQUEST NO. 26:

All documents in the possession, custody or control of plaintiff supporting or relating to the allegations in paragraphs 12-21 of the complaint filed in Fed. Cl. No. 06-30 T (regarding the alleged errors in the first through tenth determinations made in the 2000 FPAA).

RESPONSE TO REQUEST NO. 26:

Plaintiff objects to Defendant's Request to the extent it seeks discovery of information

subject to the attorney-client privilege, the confidentiality privilege relating to taxpayer

communications under 26 U.S.C. § 7525, the attorney work product doctrine, and/or any other

privileges or exemptions from production. Plaintiff will be providing an updated privilege log in

response to Defendant's inquiries regarding its privilege log provided on March 20, 2012.

Plaintiff has already provided copies of all responsive, non-privileged documents it has

located within its possession, custody or control to Defendant or the IRS, and has organized

these documents in categories multiple times in response to previous requests. Plaintiff objects

to any additional request to further categorize these documents as unnecessary and overly

burdensome.

REQUEST NO. 27-A:

All documents in the possession, custody or control of plaintiff relating to penalty determinations made in the 2000 FPAA, including documents plaintiff intends to use to support its allegations that:

The first penalty determination was in error because the adjustment of partnership items of RRF were not attributable to a tax shelter within the meaning of I.R.C. § 6662(d)(2)(C)(ii); RRF and its members did not have as a significant purpose the avoidance or evasion of federal income tax; and they had substantial authority for the positions taken and a reasonable belief that those positions were more likely than not the correct treatment of such items (as alleged in paragraph 22 of the complaint).

RESPONSE TO REQUEST NO. 27-A:

Plaintiff objects to Defendant's Request to the extent it seeks discovery of information

subject to the attorney-client privilege, the confidentiality privilege relating to taxpayer

communications under 26 U.S.C. § 7525, the attorney work product doctrine, and/or any other

privileges or exemptions from production. Plaintiff will be providing an updated privilege log in

response to Defendant's inquiries regarding its privilege log provided on March 20, 2012.

Plaintiff has already provided copies of all responsive, non-privileged documents it has

located within its possession, custody or control to Defendant or the IRS, and has organized

these documents in categories multiple times in response to previous requests. Plaintiff objects

to any additional request to further categorize these documents as unnecessary and overly

burdensome.

REQUEST NO. 27-B:

All documents in the possession, custody or control of plaintiff relating to penalty
determinations made in the 2000 FPAA, including documents plaintiff intends to use to support
its allegations that:

The second penalty determination was in error because any underpayment of tax did not
result from a substantial understatement, gross valuation misstatement or negligence or
disregarded rules or regulations (as alleged in paragraph 23 of the complaint).

RESPONSE TO REQUEST NO. 27-B:

Plaintiff objects to Defendant's Request to the extent it seeks discovery of information

subject to the attorney-client privilege, the confidentiality privilege relating to taxpayer

communications under 26 U.S.C. § 7525, the attorney work product doctrine, and/or any other

privileges or exemptions from production. Plaintiff will be providing an updated privilege log in

response to Defendant's inquiries regarding its privilege log provided on March 20, 2012.

Plaintiff has already provided copies of all responsive, non-privileged documents it has

located within its possession, custody or control to Defendant or the IRS, and has organized

these documents in categories multiple times in response to previous requests. Plaintiff objects

to any additional request to further categorize these documents as unnecessary and overly

burdensome.

REQUEST NO. 27-C:

All documents in the possession, custody or control of plaintiff relating to penalty determinations made in the 2000 FPAA, including documents plaintiff intends to use to support its allegations that:

The third penalty determination was in error because RRF and its partners had reasonable cause and a good faith basis for any resulting underpayment (as alleged in paragraph 24 of the complaint).

RESPONSE TO REQUEST NO. 27-C:

Plaintiff objects to Defendant's Request to the extent it seeks discovery of information

subject to the attorney-client privilege, the confidentiality privilege relating to taxpayer

communications under 26 U.S.C. § 7525, the attorney work product doctrine, and/or any other

privileges or exemptions from production.  Plaintiff will be providing an updated privilege log in

response to Defendant's inquiries regarding its privilege log provided on March 20, 2012.

Plaintiff has already provided copies of all responsive, non-privileged documents it has

located within its possession, custody or control to Defendant or the IRS, and has organized

these documents in categories multiple times in response to previous requests.  Plaintiff objects

to any additional request to further categorize these documents as unnecessary and overly

burdensome.

REQUEST NO. 27-D:

All documents in the possession, custody or control of plaintiff relating to penalty determinations made in the 2000 FPAA, including documents plaintiff intends to use to support its allegations that:

The fourth penalty determination was in error because no accuracy-related penalty under Section 6662 is applicable as there were no underpayments of tax (as alleged in paragraph 25 of the complaint).

RESPONSE TO REQUEST NO. 27-D:

Plaintiff objects to Defendant's Request to the extent it seeks discovery of information

subject to the attorney-client privilege, the confidentiality privilege relating to taxpayer communications under 26 U.S.C. § 7525, the attorney work product doctrine, and/or any other privileges or exemptions from production. Plaintiff will be providing an updated privilege log in response to Defendant's inquiries regarding its privilege log provided on March 20, 2012.

Plaintiff has already provided copies of all responsive, non-privileged documents it has located within its possession, custody or control to Defendant or the IRS, and has organized these documents in categories multiple times in response to previous requests. Plaintiff objects to any additional request to further categorize these documents as unnecessary and overly burdensome.

REQUEST NO. 28:

All documents in the possession, custody or control of plaintiff that relate to any defense to penalties that plaintiff asserts in this case, including all such documents that plaintiff intends to use to support any defense to penalties.

RESPONSE TO REQUEST NO. 28:

Plaintiff objects to Defendant's Request to the extent it seeks discovery of information subject to the attorney-client privilege, the confidentiality privilege relating to taxpayer communications under 26 U.S.C. § 7525, the attorney work product doctrine, and/or any other privileges or exemptions from production. Plaintiff will be providing an updated privilege log in response to Defendant's inquiries regarding its privilege log provided on March 20, 2012.

Plaintiff has already provided copies of all responsive, non-privileged documents it has located within its possession, custody or control to Defendant or the IRS, and has organized these documents in categories multiple times in response to previous requests. Plaintiff objects to any additional request to further categorize these documents as unnecessary and overly burdensome.

7

*Loretta R. Richard*

Loretta R. Richard
Justin J. Wolosz
Kathleen Saunders Gregor
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600
(617) 951-7000

B. John Williams, Jr.
Alan J.J. Swirski
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, D.C. 20005
(202) 371-7000

Attorneys for Plaintiff,
RUSSIAN RECOVERY FUND LIMITED,
RUSSIAN RECOVERY ADVISORS, L.L.C.,
TAX MATTERS PARTNER

Dated: August 27, 2012

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document has, this 27th day of August, 2012, been made on the defendant's attorney by mailing the original in a postage prepaid envelope to the following address:

Robert J. Higgins
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6580
(202) 514-9440 (fax)


Dated: August 27, 2012

Loretta R. Richard
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600
(617) 951-7000

9



**U.S. Department of Justice**

**Tax Division**

*Please reply to: Court of Federal Claims Section*
*P.O. Box 26*
*Ben Franklin Station*
*Washington, D.C.  20044*

*Facsimile No. (202) 514-9440*
*Trial Attorney: Robert J. Higgins*
*Attorney's Direct Line: (202) 307-6580*
*Email: Robert.J.Higgins@usdoj.gov*

KK:DIP:RJH
154-2412
CMN 2006101779

<u>VIA EMAIL AND REGULAR MAIL</u>                          September 18, 2012

Loretta R. Richard, Esquire
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel. (617) 951-7000

RE:   Russian Recovery Fund, Ltd. v. United States
<u>Fed. Cl. No. 06-30 T (Bruggink, J.)</u>

**Rule 37(a)(1) Letter re Plaintiff's August 27, 2012, Response to Defendant's Request for Production of Documents-Set No. 3**

Dear Ms. Richard:

I am writing to advise you that plaintiff's refusal to identify documents responsive to defendant's Rule 34 document requests Nos. 25 through 28 is unacceptable.  Unless plaintiff advises, by September 25, 2012, that it will identify responsive documents, the defendant will file a Rule 37 Motion to Compel seeking to compel such identification and/or other suitable remedies.

It is not plaintiff's province to decide whether the identification of documents in the possession, custody, or control of plaintiff is "necessary" or not. *See* Responses Nos. 25, 26, 27-A, 27-B, 27-C, 27-D, and 28 ("unnecessary").  The defendant obviously believes that identification of such documents is necessary for the development of defendant's case or the requests would not have been made.

Furthermore, the document requests Nos. 25 through 28 are specific and have not been asked or answered previously in discovery.  The requests serve, and are thus necessary,  to narrow the universe of documents plaintiff has produced.  RCFC 34 specifically requires that "a party . . . must organize and label [documents or electronically stored information] to correspond to the categories in the request."  RCFC 34(b)(2)(E)(1).  Plaintiff has failed to comply with this rule's mandate.

**Defendant Exhibit**
C

- 2 -

For example, Request No. 26 requests the production and identification of documents as they relate to specific paragraphs in plaintiff's complaint. Plaintiff should have identified documents, if they exist, which relate to each paragraph in the complaint before the complaint was filed. The defendant has a right to know which documents those were. The request may be burdensome, but since the request relates directly to paragraph's in plaintiff's complaint the burden cannot be undue. The request is necessary for the defendant's development of its case. If there are no such identified documents for any paragraph in the complaint, the plaintiff must so state. If none are identified during fact discovery, the defendant should not expect to learn of any such documents when plaintiff's trial exhibit list is provided.

With respect to the penalty production requests, Nos. 27-A through 27-D and No. 28, it is absurd, in defendant's view, to suggest that plaintiff is not obligated to identify documents that support its allegations in the complaint (¶ 22 through 25) that the FPAA was erroneous with respect to its penalty findings. If no such documents exist, the plaintiff so state in the discovery responses. Plaintiff's current posture is clearly in conflict with RCFC 34(b)(2)(E)(1).

If you have any questions on this matter, please contact me by email or phone.

Sincerely yours,

Robert J. Higgins
Trial Attorney



ROPES & GRAY LLP
PRUDENTIAL TOWER
800 BOYLSTON STREET
BOSTON, MA 02199-3600
WWW.ROPESGRAY.COM

RECEIVED
COURT OF FEDERAL
CLAIMS SECTION

2012 SEP 31  PM 4: 0

September 25, 2012

Loretta R. Richard
617-951-7271
617-235-0409 fax
loretta.richard@ropesgray.com

## BY EMAIL AND BY U.S. MAIL

Robert J. Higgins, Esq.
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Washington, D.C. 20044

Re:   *Russian Recovery Fund, Ltd., Russian Recovery Advisors, L.L.C., Tax Matters Partner  v. United States*, Fed. Cl. Nos. 06-030-EGB and 06-035-EGB (consolidated)

Dear Bob:

I write in response to your letter dated September 18, 2012, regarding Plaintiff's August 27, 2012 response to Defendant's Request for Production of Documents – Set no. 3 ("Defendant's RFP No. 3").

As explained in our response, Plaintiff has already provided to Defendant and/or the Internal Revenue Service all non-privileged documents in its possession, custody, or control that Plaintiff has located and that are responsive to Defendant's RFP No. 3 (as narrowed by Plaintiff's objections to those requests).  All of these materials were identified and categorized in Plaintiff's response to Defendant's Request for Production of Documents – Set. No. 2.  Indeed, Plaintiff has previously organized these same documents into different categories multiple times, in response to earlier requests from Defendant and the IRS.

If Plaintiff's search had identified additional, non-privileged documents that are responsive to Defendant's RFP No. 3 (and otherwise subject to production), but which had not previously been produced, we agree that Plaintiff would be required to provide them in a manner consistent with Court of Federal Claims Rule 34(b)(2)(E)(i).  Plaintiff has no obligation under this rule, however, to re-categorize or identify yet again the same documents it has previously provided

**Defendant
Exhibit
D**

ROPES & GRAY LLP

Robert J. Higgins, Esq.                    - 2 -                    September 25, 2012

and categorized. *See, e.g., Sparton Corp. v. United States*, 77 Fed. Cl. 10, 17 (2007) ("There is simply no requirement for Defendant to re-produce documents that had already been produced, nor to specifically identify documents responsive to [a discovery request] that were included in responses to earlier requests.").

Please feel free to contact me if you wish to discuss this matter further.


Very truly yours,

Loretta R. Richard

Cc:     B. John Williams, Esq.